**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1323-17T2

RICHARD PALOTI, JR.,

     Plaintiff-Respondent,

v.

ERIC LYGHT,

     Defendant-Appellant.

_____

Argued October 24, 2018 – Decided November 5, 2018

Before Judges Reisner and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Union County, Docket No. SC-001128-17.

Dominick Ciallella argued the cause for appellant (Gregory P. Helfrich & Associates, attorneys; Dominick Ciallella, on the briefs).

Richard Paloti, Jr., respondent, argued the cause pro se.

PER CURIAM

     Defendant Eric Lyght appeals from an October 17, 2017 judgment against him for $3000 in favor of plaintiff Richard Paloti. We reverse.

The following facts are taken from the trial record. Plaintiff appeared pro se and testified he parked his newly purchased vehicle in front of defendant's property. He stated the weather was clear, not stormy, windy, or rainy. The next day, in the early morning hours, plaintiff awoke to find a branch from a tree on defendant's property had fallen onto his car. Plaintiff showed the trial judge photos of the evidence.

After plaintiff rested, defendant moved for an involuntary dismissal pursuant to Rule 4:37-2. In support of the motion, defendant's counsel cited case law to the judge, and argued plaintiff had not established a prima facie case of liability because defendant had no notice of the dangerous condition. The trial judge recessed to review the case cited, which pertained to reversal of a jury verdict in favor of a plaintiff who had tripped and fallen over a raised sidewalk slab caused by the root of a tree growing between the curb and sidewalk in front of a defendant's property.

The trial judge returned, reopened plaintiff's case, and permitted him to testify that defendant had removed the tree after the incident. The judge then denied defendant's motion and found the facts here distinguishable from the law cited because the tree was on defendant's property. The judge concluded "that means . . . either [defendant] or his predecessors had planted the tree. And . . .

A-1323-17T2

may very well make him liable for the damages to the plaintiff's property."  The judge reasoned:

> [T]he tree was on [defendant's] property and, subsequently fell.  The plaintiff stated that there was no wind.  It was a nice day. . . .  [Plaintiff has] testified that the tree has subsequently been cut down, although remedial measures [do not] necessarily mean that the person is liable, but the tree was cut down.

Following the denial of defendant's motion, defendant offered limited testimony, namely, the tree was located on his front lawn, and there were no complaints of branches falling from it, or other problems associated with it.  Defendant rested.  Plaintiff did not cross-examine defendant.  However, the judge inquired about remedial measures taken by defendant after the incident.  Specifically, the judge asked if defendant "ever [had] a tree expert come out and see whether the tree was alive or dead[.]"  Defendant responded:

> When we had the tree branch removed that fell, [the expert[1]] said the tree was alive.  If you look in the tree branches that fell, or the tree branches that were still up in the tree, they were all green.  There were no dead branches or no dead leaves anywhere.  So it was deemed to be a healthy tree.

---

[1]  We do not utilize the term "expert" in the literal sense because no expert testimony was provided on defendant's behalf.  Instead, we adopt the trial judge's use of the term because it was not objected to by either party, and we have no alternative means of reference in the record.

Defendant offered photos of the tree to corroborate his testimony.

The judge then asked plaintiff if he had proof of his vehicle's value. Plaintiff offered the invoice for the purchase of the vehicle twenty-one days prior to the incident.

The judge recited his findings, beginning with the facts surrounding the incident, namely, plaintiff parking the vehicle under the tree and the damage to the vehicle caused by the tree, which the judge found "caus[ed] the vehicle to be a total loss." The judge acknowledged the photos provided by defendant to demonstrate the tree was alive, but found "because the tree is green in [its] leaves [does not] necessarily mean that the tree is not dead, or that the tree has a problem." The judge noted:

> In this case, the tree was on . . . defendant's property. The predecessors of the property either planted the tree on the property, and the defendant had full knowledge of the same. And although there's no testimony as to whether he up-kept the tree, clearly it was on his property and he had knowledge of that.

The judge concluded plaintiff had proven defendant's liability "for trees on his property that cause damage or injury to vehicles that are legally parked on the street." The judge also found because there was good weather on the date of the incident "it was no act of nature which caused that tree branch to fall." Citing the purchase invoice for the vehicle, the judge concluded "plaintiff is

entitled to a judgment of [$3000] for the damages caused to his vehicle, as it is deemed to be a total loss."

Before concluding the matter, defendant's counsel stated: "Judge, can I ask you to put on the record the basis for your opinion [and whether it] is one of negligence or just strict liability?" The judge responded strict liability was the basis. The judge then added:

> Just so the record could be clear before counsel leaves, not only on the theory of strict liability, but also the [c]ourt can find negligence in this matter. Negligence . . . occurs when there is a duty owed to a person. The [c]ourt finds that . . . defendant in this matter owed the duty to the general public to make sure anything that was on his property was in a safe condition. He knew or should have known that that tree was either dead, or those branches were overgrown and that at some point that it . . . would have fallen onto the street or onto the sidewalk where people were walking or parking their cars.
>
> I also find that as a result of that tree falling, it is the proximate cause of the plaintiff's . . . damage to his vehicle. So, the [c]ourt finds that he did owe a duty and he breached that duty and, therefore, not only is he strictly liable, but he also was negligent in not making sure that either the tree was either cut back[,] the limbs, or that it was not dead.

This appeal followed.

We defer to the trial court's factual findings if "supported by adequate, substantial, and credible evidence in the record." D.A. v. R.C., 438 N.J. Super.

5

431, 451 (App. Div. 2014) (citation omitted). We owe no deference, however, to rulings not based on witness testimony or credibility findings. Yueh v. Yueh, 329 N.J. Super. 447, 461 (App. Div. 2000). Our review of questions of law is de novo. Nicholas v. Mynster, 213 N.J. 463, 478 (2013); Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

On appeal, defendant argues the trial judge erred in failing to grant his motion for an involuntary dismissal. Defendant argues there was no basis to find liability under either negligence or strict liability theory because there was no evidence defendant had negligently maintained or cared for the tree, or that it was dead. Therefore, there was no basis to impute notice to defendant the tree was a hazard. Defendant argues the judge erred by considering the subsequent remedial measure of the tree's removal to infer liability.

Additionally, defendant argues the damages finding was erroneous. He claims the measure of damages is the difference between the market value of the property before and after the incident ─not the purchase price relied upon by the judge. Defendant asserts plaintiff required expert testimony to prove his damages because the purchase invoice was hearsay.

To sustain a cause of action for negligence, a plaintiff must prove four elements: (1) a duty of care, (2) breach of that duty, (3) proximate cause, and

(4) actual damages. <u>Polzo v. Cty. of Essex</u>, 196 N.J. 569, 584 (2008). The burden is on the plaintiff to establish these elements "by some competent proof." <u>Davis v. Brickman Landscaping, Ltd.</u>, 219 N.J. 395, 406 (2014) (quoting <u>Overby v. Union Laundry Co.</u>, 28 N.J. Super. 100, 104 (App. Div. 1953)).

"[T]he question whether there is a 'duty' merely begs the more fundamental question whether the plaintiff's interests are entitled to legal protection against the defendant's conduct." <u>J.S. v. R.T.H.</u>, 155 N.J. 330, 338 (1998) (alteration in original) (quoting <u>Weinberg v. Dinger</u>, 106 N.J. 469, 481 (1987)). "[I]mplicated in this analysis is an assessment of the defendant's 'responsibility for conditions creating the risk of harm' and an analysis of whether the defendant had sufficient control, opportunity, and ability to have avoided the risk of harm." <u>Id.</u> at 338-39 (quoting <u>Carvalho v. Toll Bros. & Developers</u>, 143 N.J. 565, 574 (1996); citing <u>Kuzmicz v. Ivy Hill Park Apts., Inc.</u>, 147 N.J. 510, 515 (1997)).

> The scope of a duty is determined under "the totality of the circumstances," and must be "reasonable" under those circumstances. Factors to be taken into consideration include the risk of harm involved and the practicality of preventing it. When the defendant's actions are "relatively easily corrected" and the harm sought to be prevented is "serious," it is fair to impose a duty. In the final analysis, the "reasonableness of action" that constitutes such a duty is "an essentially

A-1323-17T2

objective determination to be made on the basis of the material facts" of each case.

[Id. at 339-40 (citations omitted).]

"Even as to foreseeable risks, . . . it has been cautioned that 'not all foreseeable risks give rise to duties.'" Ivins v. Town Tavern, 335 N.J. Super. 188, 195 (App. Div. 2000) (quoting Williamson v. Waldman, 150 N.J. 232, 251 (1997)).

Determining the existence of "a duty 'involves identifying, weighing, and balancing several factors − the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution.'" Alloway v. Bradlees, Inc., 157 N.J. 221, 230 (1999) (quoting Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 439 (1993)). "The analysis is both very fact-specific and principled; it must lead to solutions that properly and fairly resolve the specific case and generate intelligible and sensible rules to govern future conduct." Hopkins, 132 N.J. at 439.

Where the context is a tree, which has fallen from a defendant's property onto a plaintiff's property, we have stated:

> [T]he focus . . . should be on whether [the] defendant was negligent in not making a reasonable use of his property. Such a determination merits a consideration of the various attendant circumstances and factors such as, the nature of the incident, the danger presented by the presence of the tree, whether [defendant], by making inspections, could or should have known of its

condition, [and] what steps he could have taken to prevent it from falling onto plaintiffs' property[.]

[Burke v. Briggs, 239 N.J. Super. 269, 275 (App. Div. 1990).]

Furthermore, strict liability should not be imposed upon a landowner "absent intentional or hazardous activity requiring a higher standard of care or, as a result of some compelling policy reason." Id. at 273 (citing State v. Dep't of Envtl. Prot. v. Ventron Corp., 94 N.J. 473 (1983)).

Here, the record lacks evidence to support the trial judge's findings that plaintiff had proven defendant's duty, breach of duty, or proximate causation. Indeed, there was no testimony either the tree or the branch were dead, damaged, or in such a state defendant would have knowledge the branch would fall onto plaintiff's vehicle. There was no evidence defendant had planted the tree, let alone maintained or treated it in any way that he would have knowledge of its condition, or that he had negligently handled it so as to create the hazardous condition. Thus, the record lacks evidence of basic negligence, or the intentional or hazardous activity needed to impose strict liability upon defendant.

Moreover, the trial judge improperly relied upon the subsequent removal of the tree to find defendant liable. N.J.R.E. 407 clearly prohibits reliance on

subsequent remedial measures "to prove that the event was caused by negligence or culpable conduct."

For these reasons, there was no basis to enter a judgment against defendant under any theory of liability. Because defendant was not liable, we need not reach his arguments regarding the trial judge's computation of the damages.

Reversed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1323-17T2